UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEREZ LEE, #584648,

        Petitioner,

v.

        Case No. 08-11070

        HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

       Respondent.

_____/

**OPINION AND ORDER DENYING THE HABEAS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Therez Lee has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Lee's state convictions for armed robbery and felony firearm. Lee alleges that his three convictions for armed robbery violate the Double Jeopardy Clause, that the Michigan sentencing guidelines were inaccurately scored, and that the trial court abused its discretion by not allowing him to withdraw his guilty plea. The Court has concluded from a review of the pleadings and record that Lee is not entitled to the relief he seeks. Accordingly, his habeas petition will be denied.

**I. BACKGROUND**

Lee was charged in Oakland County, Michigan with three counts of armed robbery, Mich. Comp. Laws § 750.529, and three counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The charges arose from the robbery of a restaurant in Madison Heights, Michigan on October 13, 2004. Three

restaurant employees were present at closing time when two men entered the restaurant, assaulted the employees, and took $1,932 from the restaurant's safe and cash register.

After Lee's trial commenced, he pleaded guilty as charged. The trial court agreed to consider sentencing Lee to a minimum sentence of fifteen years in prison for the armed robbery counts.[1] On November 29, 2005, the trial court sentenced Lee to two years in prison for each of the felony firearm convictions and to a consecutive term of fifteen to fifty years for the armed robbery convictions. The three felony firearm convictions were ordered to run concurrently with each other, but consecutive to the three armed robbery sentences, which were ordered to run concurrently with each other.

Lee subsequently moved to withdraw his guilty plea. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *See People v. Lee*, No. 272525 (Mich. Ct. App. Oct. 10, 2006). On February 27, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Lee*, 477 Mich. 1034 (2007) (table).

Lee filed his habeas corpus petition on March 6, 2008. As noted, he argues that his

---

[1] Pursuant to *People v. Cobbs*, 443 Mich. 276, 283 (1993), a trial court may participate in plea negotiations by suggesting a sentence that appears appropriate for the charged offense.

> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id.*

convictions violate the Double Jeopardy Clause, the trial court relied on inaccurate information at sentencing, and the trial court abused its discretion by not allowing him to withdraw his guilty plea. Respondent argues in an answer filed through counsel that Lee is not entitled to relief because his claims lack merit, are not cognizable on habeas review, or were waived by his guilty plea.

## II.  STANDARD OF REVIEW

Lee is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the

3

'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

### III. DISCUSSION

A.  Double Jeopardy

Lee argues that his right not to be placed in double jeopardy was violated because he was charged and convicted of three counts of armed robbery and three counts of felony firearm for a robbery that arose from a single incident. He contends that there was one robbery, not three, and that he committed only two crimes (armed robbery and felony firearm).[2]

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794 (1989).

The question of "whether punishments are 'multiple' under the double jeopardy clause is essentially a question of legislative intent. " *Banner v. Davis*, 886 F.2d 777, 779-80 (6th Cir. 1989). "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes" and "by a state court's

---

[2] Lee is not alleging, nor did he allege in state court, that his convictions for both armed robbery and felony firearm violate the constitutional right not to be placed in double jeopardy.

4

determination of the legislature's intent." *Id.* at 780. "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Id.*

> [T]he [Supreme] Court has never held or intimated that the constitutional bar against double jeopardy circumscribes the legislative prerogative to define crimes and prescribe punishment in the context of a single prosecution. . . . [T]he Supreme Court has repeatedly described the third aspect of the Double Jeopardy Clause - the protection against multiple punishments for the same offense imposed in a single proceeding – as protecting only against the imposition of punishment in excess of that authorized by the legislature.
>
> . . . The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.

*White v. Howes*, 586 F.3d 1025, 1032, 1035 (6th Cir. 2009).

In Michigan, "[t]he primary purpose of the [armed robbery] statute is the protection of persons," *People v. Wakeford*, 418 Mich. 95, 111 (1983), and the focus of the statute is on the person assaulted, *People v. Davis*, 468 Mich. 77, 81-82 (2003). The State Legislature's policy of requiring concurrent sentences "avoids the principal harshness that might otherwise result from multiple convictions" and "supports the view that the Legislature intended to permit multiple armed robbery convictions" when a defendant assaults more than one employee during the robbery of a business. *Wakeford*, 418 Mich. at 113.

Petitioner and his co-defendant assaulted and robbed three restaurant employees during a single incident. Because "the appropriate 'unit of prosecution' for armed robbery is the person assaulted and robbed," *id.* at 112, it is clear that the State Legislature intended to authorize multiple punishments for a single incident in which more than one person is robbed. Neither this Court, nor the Sixth Circuit, has found any Supreme Court

5

cases "where a state legislature was found to have violated the double jeopardy bar against multiple punishment by imposing multiple punishment for the same offense." *White*, 586 F.3d at 1030-31. The Court's inquiry therefore is at an end. Lee's three convictions and punishments for armed robbery do not violate the Double Jeopardy Clause.

B.  The Sentence

Lee alleges next that the state sentencing guidelines were scored incorrectly and that the trial court relied on inaccurate information when sentencing him. The state court's interpretation and application of state sentencing laws and guidelines is a matter of state concern only, *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for perceived errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). The only federal constitutional issue is whether Lee was sentenced on the basis of "misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information, which he had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Lee claims that he was improperly assessed points under prior record variable 6 for being on probation when he committed the offense for which he is incarcerated. He maintains that he was on warrant status, not probation, at his sentencing in this case because he violated the terms of probation.

Prior record variable 6 assesses a defendant's relationship to the criminal justice system at the time the offense was committed. *See* Mich. Comp. Laws § 777.56. The offender may be assessed points if he or she was on probation at the time of the offense, but no points should be assessed if the offender had no relationship to the criminal justice system. Mich. Comp. Laws § 777.56(1)(c) - (e).

At a hearing on Lee's motion to withdraw his plea, his appellate attorney agreed with the prosecution that Lee's probation never terminated because he absconded while on probation. *See* Mot. Hr'g July 26, 2006, at 3. Therefore, the trial court did not rely on materially false or inaccurate information when it assessed five points for prior record variable 6 and concluded that Lee was on probation when he committed the offense.

Lee asserts next that he was inaccurately scored ten points for offense variable 4, which measures serious psychological injury to a victim. *See* Mich. Comp. Laws § 777.34. Ten points may be assessed if "psychological injury requiring professional treatment occurred to a victim." Mich. Comp. Laws § 777.34(1)(a).

One of the restaurant employees reported being traumatized by the crimes, and the fact that she did not seek counseling is not conclusive. Mich. Comp. Laws § 777.34(2). Therefore, the trial court did not rely on inaccurate information when scoring ten points for offense variable 4.

Lee's final complaint about the sentencing guidelines is that he was scored twenty-five points for offense variable 13, which measures a continuing pattern of criminal behavior. See Mich. Comp. Laws § 777.43. Twenty-five points may be assessed if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person," Mich. Comp. Laws § 777.43(1)(c), and all crimes within a five-year period, including the sentencing offense, may be considered when assessing this offense variable, Mich. Comp. Laws § 777.43(2)(a).

Lee may not have been a repeat offender, but state courts are the final arbiters of state law, and a habeas court may not reinterpret state law when reviewing a state prisoner's habeas claims. *White v. Steele*, __ F.3d __, __, No. 08-5498, 2009 WL

4893144, at *3 (6th Cir. Dec. 21, 2009). Consequently, the Court need not decide whether the state court correctly determined that Lee's conduct reflected a pattern of criminal behavior.

C. Withdrawal of the Plea

The fourth and final habeas claim alleges that the trial court abused its discretion by not permitting Lee to withdraw his plea. In support of this claim, Lee asserts that his right not to be placed in double jeopardy was violated. Lee's double jeopardy argument has no merit. *See infra*, section III.A. Thus, the trial court was not obligated to allow Lee to withdraw his plea on the basis of his double jeopardy claim.

Lee challenges his maximum sentence of fifty years on the basis that the trial court initially stated at the sentence proceeding that Lee's sentence for armed robbery was fifteen to thirty years. When questioned by the prosecutor, the trial court corrected itself and stated that the sentence was fifteen to fifty years. (Tr. Nov. 29, 2005, 2005, at 3-4.) The written judgment of sentence also reflects three concurrent sentences of fifteen to fifty years for armed robbery.

Lee was not promised any particular maximum sentence, and at the guilty plea proceeding, he was informed of the maximum penalty for armed robbery (life imprisonment) and felony firearm (a consecutive term of two years in jail or prison). (Tr. Oct. 28, 2005, at 158 and 160.) The sentence imposed complied with the law and the *Cobbs* agreement. Therefore, Lee had no right to withdraw his guilty plea.

## IV. CONCLUSION

The state appellate court's conclusion that Lee's claims lacked merit was not contrary to, nor an unreasonable application of, federal law as determined by the United

States Supreme Court. Accordingly, the Petition for Writ of Habeas Corpus [Dkt. #1] is **DENIED**.

Reasonable jurists would not disagree with the Court's assessment of Lee's claims. Accordingly, the Court declines to issue a certificate of appealability. Lee nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* in the District Court. Fed. R. App. P. 24(a)(3).

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 7, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager